**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**RYAN ANTHONY SAVINELL**                                                                               **PLAINTIFF**

**VS.**                                                 **CIVIL ACTION NO. 3:14CV516-LRA**

**CHRISTOPHER EPPS**                                                               **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

      Defendant Christopher Epps filed a Motion for Summary Judgment Based on Failure to Exhaust Available Administrative Remedies [28]. He alleges that Ryan Anthony Savinell (hereinafter "Plaintiff" or "Savinell") failed to exhaust the remedies available through the Administrative Remedy Program (ARP) of the Mississippi Department of Corrections [MDOC]. In support, Epps attached the February 24, 2015, Affidavit of Joseph Cooley, the custodian of the Administrative Remedy Program [ARP] records at the South Mississippi Correctional Institution [SMCI] in Leakesville, Mississippi [Exhibit 1, 28-1]. Having reviewed the pleadings and the record in this cause, as well as Savinell's sworn testimony at the March 18, 2015, omnibus hearing, the Court finds that the motion is well-advised and shall be granted. Savinell has failed to exhaust the administrative remedies provided by MDOC, and the applicable law requires that his complaint be dismissed for this reason.

      While he was an inmate at SMCI, Savinell filed this 42-page complaint on July 3, 2014, against Epps, charging that he was treated as a slave while in the custody of MDOC, being forced to work without pay in field operations and the kitchen; that he had

no real access to a law library; that he was denied free postage to mail letters to the newspapers; that he received illegal rule violation reports [RVRs]; that he was illegally convicted; that he was denied exercise; that he was placed in segregation for 60 days with no exercise; and, that his bond was revoked without cause in 2009. The claims against Epps are Savinell's claim that he has the right to be paid for work, that he had no access to the courts and/or to the media. No other defendants are named for the remaining claims.

Epps asserts that Plaintiff failed to complete the entire administrative review process before filing suit. According to the affidavit by Mr. Cooley, Savinell submitted a "voluminous" grievance through the ARP at SMCI regarding numerous issues, including that he was being utilized as unpaid slave labor, was wrongfully denied access to the law library, and was wrongfully convicted. On May 30, 2014, the grievance was sent back to Savinell with a note advising him that the volume of material was too great, and that the ARP rules required that each grievance submitted could only address one issue. Mr. Cooley avers that Savinell did not send any additional grievances for any issue.

Savinell filed this complaint on July 3, 2014. On page 3 of his complaint [1], when asked if he had completed the ARP regarding his claims, he wrote "the ARP Department said the ARP was too long."

Because Savinell did not properly exhaust his claims, Epps requests that summary judgment be entered in his favor. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

2

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In response to a motion for summary judgment, the non-moving party must provide specific proof demonstrating a triable issue of fact as to each of the elements required to establish the claim asserted. *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122–23 (5th Cir. 1988). The court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982).

The applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d

357, 358 (5th Cir. 2001).  Exhaustion is mandatory under the PLRA and "unexhausted claims cannot be brought in court."  *Jones v. Bock*, 549 U.S. 199, 211 (2007).

The PLRA governs all of Savinell's claims.  Accordingly, he is required to complete the ARP process in its entirety before he is able to file suit under § 1983.  The records reflect that Savinell's ARP regarding his general complaints was rejected as not complying with the policy requiring that each ARP contain only one issue.  Savinell admits in his Complaint that his ARP was rejected for having too many issues, and he admitted this fact under oath at the omnibus hearing conducted by the Court.  The Court finds that Defendant Epps has submitted competent proof of Savinell's non-exhaustion, and Savinell has admitted that he failed to exhaust his administrative remedies.

Savinell may not agree that his ARP was too long and he may not agree with the policy that only one claim should be submitted at a time.  However, this Court has no power to construct the ARP policies for a prison.  The requirement of exhaustion applies regardless of a plaintiff's opinion on the efficacy of the institution's administrative remedy program.  *Alexander v. Tippah County, MS*, 351 F.3d 626, 630 (5th Cir. 2003).  It is not for this Court to decide whether the procedures "satisfy minimum acceptable standards of fairness and effectiveness."  *Booth*, 532 U.S. at 740 n. 5.  Savinell's opinion regarding how ineffective the ARP process was is insufficient to overcome Supreme Court precedent mandating exhaustion of remedies available under the ARP.

The Fifth Circuit has confirmed that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive

the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam).  In this case, Savinell clearly did not fully exhaust his administrative remedies before filing this lawsuit, and the Court has no choice but to dismiss his Complaint.

Additionally, the Court notes that Savinell brought many of the same claims in another case, *Savinell v. Epps, et al,* Cause No. 1:14cv263-LG-JCG (S.D. Miss. Sept. 26, 2014).  Judge Guirola dismissed all of these claims on the merits, and Savinell's claims would most probably be barred by *res judicata* if Savinell again presented the claims.

IT IS, THEREFORE, ORDERED that Defendant Epp's Motion for Summary Judgment Based on Failure to Exhaust Available Administrative Remedies [28] is **granted**, and the Complaint is dismissed without prejudice.  A separate Final Judgment shall be entered.

SO ORDERED this the 24th day of August 2015.

/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE